UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RICHARD LAWRENCE,<br><br>    Plaintiff,<br><br> v.<br><br>UNITED STATES MARINE CORPS,<br><br>    Defendant. | CASE NO. 2:24-cv-00204-RSL<br><br>ORDER REQUIRING MORE DEFINITE STATEMENT OF THE CLAIMS |

On February 15, 2024, defendant removed the above-captioned matter to federal court. Plaintiff's "Complaint for Misinform" asserts that he is unsure what he went through "with and under Marines [sic] Corps/Military" but mentions "abusive treatment," "racist crimes," and "unjust unwanted behaviors" along with a list of over one hundred and fifty words or phrases. Dkt. # 1-1. There is no unifying theme to the words and phrases, and plaintiff has not identified any statutory or common law claim that could help defendant (and the Court) understand what defendant is supposed to have done wrong or the nature of the relief requested.

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint will be dismissed unless it

ORDER REQUIRING MORE DEFINITE STATEMENT OF
THE CLAIMS - 1

states a cognizable legal theory that is supported by sufficient facts to state a "plausible" ground for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). All well-pleaded allegations are presumed to be true, with all reasonable inferences drawn in favor of the non-moving party. *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013). Although a complaint need not provide detailed factual allegations, it must give rise to something more than mere speculation that plaintiff has a right to relief. *Twombly*, 550 U.S. at 555. Plaintiff provides only broad concepts – references to wrongful conduct ("falsehood"), lists of adjectives ("diffident"), abstract theories ("ideology of its self"). There are no facts regarding who did what, how those acts impacted plaintiff, or how those acts violate the law.  At a bare minimum, Rule 8(a) mandates that plaintiff "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The complaint fails to serve this vital purpose.

For all of the foregoing reasons, plaintiff is hereby ORDERED to file on or before March 20, 2024, an amended complaint which clearly identifies the acts of which defendant is accused and how those acts violated plaintiff's legal rights. The key to filing an acceptable amended complaint will be providing enough facts that defendant has sufficient notice to mount a defense and from which one could plausibly infer that plaintiff has a viable right to relief against defendant. The amended complaint will replace the

ORDER REQUIRING MORE DEFINITE STATEMENT OF
THE CLAIMS - 2

existing complaint in its entirety. Failure to timely file an amended complaint that asserts a plausible claim for relief will result in dismissal of this action.

The Clerk of Court is directed to place this Order Requiring More Definite Statement on the Court's calendar for consideration on Friday, March 22, 2024.

Dated this 20th day of February, 2024.

Robert S. Lasnik
United States District Judge

ORDER REQUIRING MORE DEFINITE STATEMENT OF
THE CLAIMS - 3